Argued February 9; affirmed February 20, 1934

## BACH *v.* BACH
(29 P. (2d) 530)

*Herbert Welch,* of Lakeview, for appellant.

*T. S. McKinney,* of Lakeview, for respondent.

CAMPBELL, J. This is a suit for divorce. On January 10, 1932, plaintiff filed a complaint in which it was alleged, in substance, that plaintiff and defendant intermarried on November 17, 1926, and both have ever since been residents of the state of Oregon. The issue of the marriage is a son, Richard Cranston Bach, born May 18, 1928; quarrels, grief and heartaches, finally ending in a separation.

Plaintiff further alleged, in substance, that defendant inflicted on him cruel and inhuman treatment rendering his life burdensome, particularly in that she sometimes twitted him with a lack of absolute knowl-

edge as to the paternity of the boy, Richard Cranston; that after the boy grew up so that he could run around, she permitted the boy to be too much on the streets and around the neighbors' homes; that on October 28, 1931, she left and abandoned plaintiff's domicile, since which time she had been seen much in the company of a former sweetheart of hers. After some further similar allegations, he prayed for a decree of divorce and the custody of the child.

To this complaint, defendant filed an answer denying all the charges of cruelty and as a counterclaim or cross-complaint, alleged some acts of cruel and inhuman treatment towards her by the plaintiff, particularly, in substance, that on occasions plaintiff would suggest in the presence of their mutual friends that he had some doubt as to whether or not he was the actual progenitor of the boy, Richard Cranston; that on one occasion he called her vile names; that notwithstanding that the Eighteenth amendment to the United States Constitution was in force and effect, on occasions plaintiff would indulge too freely in intoxicating liquor and while "in his cups" treated her in a very abusive manner, at one time violently throwing her down and choking her.

There are some further allegations of the usual kind. She then alleges that plaintiff has a permanent position paying about $1,800 per annum, and asks for a divorce, the custody of the child, Richard Cranston, and money for his support.

Plaintiff filed a reply denying all the allegations of cruelty on his part.

In due course, the cause came on for trial and, after hearing the testimony, the trial court found that the plaintiff failed to establish the allegations of his complaint and that defendant produced evidence proving

her averments of cruel and inhuman treatment, and awarded defendant a decree dissolving the marriage contract, the custody of the minor son, Richard Cranston, and $35 per month for his care and education, certain furniture and personal effects and control over a savings account of about $40 in the name of the son, Richard Cranston Bach. From this decree, plaintiff appeals.

There is no question of law involved on the appeal in this cause. It is a pure question of fact.

It would be of no value to the public or to the legal profession to set out extensively the testimony upon which the learned trial court based its decision. It is enough to say that we have carefully read all the evidence produced at the trial and are of the opinion that it fully justifies the findings and decree of the circuit court.

Respondent filed a motion and affidavit for an additional attorney's fee for appearance in this court. We are of the opinion that the financial condition of appellant is not such as to warrant us in placing this additional burden upon him. Respondent will recover her costs and disbursements.

The decree of the lower court will be affirmed. It is so ordered.

RAND, C. J., BEAN and BAILEY, JJ., concur.